UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILNER JEAN-PIERRE,

    Plaintiff,

v().                                                  Case No.:   2:18-cv-98-FtM-38MRM

NAPLES COMMUNITY HOSPITAL,
INC.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

    Before the Undersigned is Defendant's Verified Motion to Tax Costs. (Doc. 57). Also before the Court is Defendant's Bill of Costs. (Doc. 58). Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Tax Costs. (Doc. 63). For the reasons set forth herein, it is respectfully recommended that Defendant's Verified Motion to Tax Costs (Doc. 57) be **GRANTED**.

## **DISCUSSION**

    The Court entered summary judgment in favor of Defendant (Docs. 55, 56) and Defendant now requests the Court tax costs against Plaintiff in the amount of $5,886.70. (Doc. 57 at 2). Plaintiff objects only to one aspect of Defendant's motion, and that is Defendant's attempt to tax $1,687.50 for Defendant's portion of the mediation costs. (Doc. 63 at 1 n.1). The sole issue before the Court, therefore, is whether a party may tax mediation costs.

    The Supreme Court has made clear "absent explicit statutory authority or contractual authorization . . . federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920" when awarding taxable costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). "[I]t is well settled within the Middle District [of Florida] that costs associated with

mediation, even court-ordered mediation, are not recoverable under section 1920." *Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC*, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *6 (M.D. Fla. Nov. 21, 2013); *see also Brownfield v. City of Lake City*, 3:16-cv-1433-J-34JRK, 2018 WL 4190146, at *2 (Aug. 9, 2018); *see also Lane v. G.A.F. Material Corp.*, No. 8:11-cv-2851-T-30TBM, 2013 WL 1881298, at *2 (M.D. Fla. May 3, 2013). "Mediation costs are recoverable, however, where the case management and scheduling order provides that they may be taxed upon the prevailing party's motion." *GP by & through JP v. Lee Cty. Sch. Bd.*, No. 2:15-cv-728-FtM-38CM, 2018 WL 3118387, at *3 (M.D. Fla. June 8, 2018), *report and recommendation adopted*, No. 2:15-cv-728-FtM-38CM, 2018 WL 3105245 (M.D. Fla. June 25, 2018).

Here, Plaintiff raises no objection to Defendant's otherwise appropriately documented and compensable costs (Doc. 58) except for the above-mentioned $1,687.50 for mediation (Doc. 63 at 2). The Case Management and Scheduling Order, however, expressly provides for costs in this situation:

> The mediator shall be compensated as per Local Rule 9.02(f), or at a rate stipulated by the parties in advance of mediation and borne equally by the parties. Upon motion of the prevailing party, the party's share may be taxed as costs in this action.

(Doc. 19 at 13, Section I.V.(E)). While Plaintiff is correct in arguing that mediation costs are not taxable under § 1920 (*see* Doc. 63 at 2), this Court routinely taxes mediation costs when provided for in the Case Management and Scheduling Order. *See*, *e.g.*, *Palmer v. Johnson*, No. 2:09-cv-604-FtM-29DNF, 2012 WL 4512918, at *4 (M.D. Fla. Oct. 2, 2012). Therefore, Defendant, as the prevailing party, is entitled to tax its portion of the mediation costs.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that the Verified Motion of Defendant to Tax Costs (Doc. 57) be **GRANTED** and Plaintiff be taxed costs totaling $5,886.70.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on March 13, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties