UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILNER JEAN-PIERRE,

    Plaintiff,

v.                                Case No: 2:18-cv-98-FtM-38MRM

NAPLES COMMUNITY HOSPITAL, INC.,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation. (Doc. 65). Judge McCoy recommends granting Defendant Naples Community Hospital, Inc.'s Motion for Taxation of Costs and taking Plaintiff costs valued at $5,886.70. (Doc. 57). That sum includes $1,687.50 for Defendant's mediation costs, which Plaintiff Wilner Jean-Pierre objects to paying. (Doc. 66).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, and the court may accept, reject or modify the findings in whole or in part. 28 U.S.C. § 636(b)(1); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge reviews legal conclusions *de novo*, even in

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

the absence of an objection. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

The Supreme Court recently reiterated that, absent express authority from Congress, "courts may not award litigation expenses that are not specified in [28 U.S.C.] §§ 1821 and 1920." *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877 (2019). In deference to the Case Management and Scheduling Order ("CMSO"), which states that "[u]pon motion of the prevailing party, the party's share may be taxed as costs in this action," Judge McCoy recommends that Plaintiff pay Defendant's share of the mediation costs. But the Court finds that its CMSO must give way to the Supreme Court's clear directive. So the Court will not award Defendant its mediation costs.

Accordingly, it is now

**ORDERED:**

The Report and Recommendation (Doc. 65) is **ACCEPTED and ADOPTED in part**.

1. Naples Community Hospital, Inc.'s Motion for Taxation of Costs (Doc. 57) is **GRANTED** to the extent outlined above. Naples Community Hospital, Inc. is awarded **$4,199.20** in costs.
2. The Clerk is **DIRECTED** to amend the judgment to include a cost award in favor of Naples Community Hospital, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of April 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record